ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK A. NELSON, | ) | CASE NO. 5:03 CV 2436 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| REGINALD A. WILKERSON, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | [RESOLVING DOC. 17 ] |

This action is before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. The Report and Recommendation (Document #17) is ADOPTED by this Court and the Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 (Document #1) will be DENIED as it is untimely.

On November 26, 2003, Petitioner filed a petition for writ of habeas corpus regarding his 2000 conviction on charges of aggravated murder with a firearm specification in the Summit County, Ohio, Court of Common Pleas. The Petition is based on two grounds: (1) the denial of effective assistance of counsel and (2) that the Ohio post-conviction release statute violates the Fourteenth Amendment of the Constitution. (Document #1).

On September 15, 2004, Respondent filed an Answer to the Petition, arguing that the Petition should be dismissed. Respondent relies on three grounds: (1) the Petition is time-barred as it was filed after the one-year statute of limitations set forth under 28 U.S.C. § 2244(d); (2) Petitioner procedurally defaulted the issues raised in both of his grounds for relief; and

(3) the issue contained in Petitioner's second ground for relief involves a state law issue and concerns post-conviction proceedings, neither of which are amenable for review in federal habeas corpus relief. (Document #14).

On November 2, 2004, Petitioner filed his Traverse to Return of Writ arguing (1) that when state action causes the late filing of a habeas petition, federal courts may, in equity, review the petition, and (2) that none of Petitioner's claims have been procedurally defaulted. (Document #16).

On July 18, 2006, Magistrate Judge Baughman issued his Report and Recommendation Decision, finding the Petition for Writ of Habeas Corpus to be untimely. (Document #17). On July 26, 2006, Petitioner filed his Objections to the Magistrate Judge's Report and Recommendation. (Document #19). Petitioner argues (1) that his Motion for Post-Conviction Relief was "properly filed" within the meaning of 28 U.S.C. § 2254(d) and thus tolled the statute of limitations and (2) in the alternative, that equitable tolling should apply.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation, where objections have been made to the report, is *de novo*. Fed. R. Civ. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

2

The Court has reviewed the Report and Recommendation *de novo*, as well as the briefs and supporting material submitted by the Parties, and the objections to the Report and Recommendation raised by Petitioner.  The Court finds the Report and Recommendation to be well-reasoned and correct.  The Court also finds Petitioner's objections to the Report and Recommendation to be without merit.

As to Petitioner's first objection, the Supreme Court in *Artuz v. Bennett* held that a state post-conviction petition is "properly filed" and thus tolls the statute of limitations for filing a petition for habeas corpus when its "delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "time limits upon its delivery."  531 U.S. 4, 8 (2000).  After the denial of Petitioner's post-conviction relief petition, as being untimely filed; Petitioner should have realized that an untimely petition could not toll the habeas limitations period.

Regarding Petitioner's second objection, the Supreme Court in *Pace v. Diguglielmo* stated that the Court "never squarely addressed the question of whether equitable tolling is applicable to the AEDPA's statute of limitations."  544 U.S. 408, 418 (2005).  However, even if it does apply, Petitioner does no more than state in a conclusory fashion that he has met the requirements for equitable tolling, i.e. "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418.  Petitioner could have filed a petition for a writ of habeas corpus well within the statutorily prescribed time period, but chose instead to pursue an appeal of the denial of his post-conviction relief petition.  Counsel alternatively argues that the claim should be reviewed on the merits due to counsel's ineffectiveness under *Strickland v. Washington*, 466 U.S. 668 (1984),  for failing to file a timely

habeas petition. However, the dictates of *Strickland* are not applicable in post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722 (1991); *Abdus-Samad v. Bell*, 420 F.3d 614 (6th Cir. 2005).

The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Baughman (Document #17) in its entirety; Petitioner's Petition for Habeas Corpus will be DENIED as it is untimely.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| March 30, 2007 | */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |